Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 4, 2012, which, to the extent appealed from, sua sponte, granted plaintiff insured a temporary restraining order directing defendant insurer to pay, from the date of the order until the determination of plaintiffs motion for a preliminary injunction, attorneys’ fees and costs related to plaintiffs defense of a criminal action pending against him in federal court, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in granting the temporary restraining order (see CPLR 6301; Wyndham Co. v Wyndham Hotel Co., 236 AD2d 220 [1997]). The failure of an insurance company to advance payments covering defense costs and fees under a directors and officers liability policy, like the one at issue here, constitutes a direct, immediate and irreparable injury, as it would deprive the insured of the benefit bargained for through payment of the policy premium (see Wedtech Corp. v Federal Ins. Co., 740 F Supp 214, 221 [SD NY 1990]; Nu-Way Envtl., Inc. v Planet Ins. Co., 1997 WL 462010, *3, 1997 US Dist LEXIS 11884, *9 [SD NY, Aug. 12, 1997, No. 95 Civ 573(HB)]). Defendant’s argument that it has been relieved of the requirement to provide coverage and/or advance legal costs and fees under the policy because plaintiffs conduct violated the policy’s exclusions is unavailing at this juncture. Absent a final adjudication that plaintiffs alleged wrongdoing does indeed fall under the policy’s exclusions, the policy remains in effect and defendant is required to pay attorneys’ fees and defense costs, subject to recoupment in the event it is ultimately determined that the exclusions apply (see Federal Ins. Co. v Kozlowski, 18 AD3d 33, 42 [2005]). Concur — Andrias, J.P., Friedman, Sweeny, Manzanet-Daniels and Román, JJ.